**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank S. Roque, ) | No. 08-CV-2154-PHX-PGR (MEA) |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Charles L. Ryan, et. al., ) | **(NON-DEATH PENALTY)** |
| Defendants. ) | |

Currently before the Court is the Report and Recommendation of Magistrate Judge Aspey (Doc. 53), which is based on Petitioner's Petition for Writ of Habeas Corpus filed on November 20, 2008, pursuant to 28 U.S.C. § 2254. Petitioner filed an amended petition on February 5, 2009.[1] The Court will now consider *de novo* the Petition, the Report and Recommendation issued by Magistrate Judge Aspey, the Petitioner's Objections thereto, and the Respondents' Response to the Petitioner's Objections.

Magistrate Judge Mark E. Aspey recommends that Petitioner's habeas petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied because Petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

---

[1] Petitioner was convicted of one count each of first-degree murder (Count 1), attempted murder (Count 2), and reckless endangerment (Count 6) and three counts of drive-by shooting (Counts 3–5). (Doc. 20, Exhibit. P.) Petitioner was sentenced to death on Count 1, and the trial court imposed 12-year sentences on Counts 2 through 5, and a 1.25-year sentence on Count 6. Thereafter, the Arizona Supreme Court reduced Petitioner's death sentence to a term of natural life imprisonment without the possibility of release.

In response to Magistrate Judge Aspey's recommendations, Petitioner filed objections asserting that the Report and Recommendation erroneously: (1) concluded that Petitioner failed to exhaust the claim raised in Ground 12 resulting in its procedural default; (2) denied Petitioner's *Brady*[2] violation claim pertaining to the State's alleged failure to disclose a blood alcohol test (Ground 1); (3) rejected Petitioner's claim that he was prejudiced by the State's disclosure violation (Ground 2); (4) failed to find reversible error regarding Petitioner's claim of juror misconduct (Ground 3); (5) rejected Petitioner's claim that he was incompetent to stand trial (Ground 4); (6) denied Petitioner's assertion that the State's presentation of evidence violated his right to confrontation (Ground 5); and (7) concluded that the State did not violate his due process rights by introducing evidence regarding Petitioner's 1983 conviction for attempted robbery (Ground 8).

After *de novo* review of the record and careful consideration Petitioner's objections and the responses thereto, the Court finds that Magistrate Judge Aspey did not err in his findings. As to Petitioner's first objection, the Court agrees that based upon the record, the claim of faulty indictment is procedurally defaulted. Moreover, in reviewing the merits of the claim, based upon both United States Supreme Court and Arizona state case law, aggravating factors need not be specified or alleged in the indictment. *Poland v. Arizona*, 476 U.S. 147, 156 (1986) (quoting *Bullington v. Missouri*, 451 U.S. 430, 438 (1981)); *McKaney v. Foreman ex rel. County of Maricopa*, 209 Ariz. 268, 272 (2004); *see State v. Scott*, 177 Ariz. 131, 141 (1993) ("[A defendant] has no due process right to receive notice of aggravating factors prior to trial."). As to Petitioner's second objection, Respondents are correct that Petitioner has failed to establish the existence of the requisite favorable evidence, that the State withheld such evidence, or that had the State disclosed the evidence Petitioner alleges exists, there is a reasonable probability that the verdict would have been different.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 2 -

Rather, the record reflects the contrary- testimony by Dr. Potts[3] that Petitioner was not insane at the time he committed the crimes and no forensic blood-alcohol determination test evidence exists. As to Petitioner's third objection, Magistrate Judge Aspey correctly notes that a federal court is limited in conducting habeas review to issues of whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The violation of a state rule of criminal procedure does not, by itself, constitute a violation of a defendant's federal constitutional. Thus, to be entitled to habeas relief, Petitioner must establish that the admission of the evidence was so arbitrary or prejudicial that it rendered the trial fundamentally unfair. *See Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). In the pending matter, Petitioner has not established that the failure to disclose the full extent of Dr. Ben-Porath's testimony was so arbitrary or prejudicial that it rendered his trial fundamentally unfair.[4] As to Petitioner's fourth objection, the Court agrees with Magistrate Judge Aspey's recommendation to uphold the State court's finding that Petitioner was not denied a fair trial as a result of juror misconduct. Petitioner's argument that the juror's statement was "moot" is without merit. Next, Petitioner argues in his fifth objection that Magistrate Judge Aspey erred in determining that at the time of trial, there was no evidence before the trial court illustrating irrational conduct by Petitioner such

---

[3] The State properly disclosed Dr. Potts as a witness pursuant to Rules 15.1(a)(1) and (a)(3), Arizona Rules of Criminal Procedure, and disclosed a copy of his report and evaluation, which included his investigation into Petitioner's blood alcohol content (BAC). Dr. Potts concluded that Petitioner's BAC was *most likely* less that .08, but he *could not determine* a specific calculation. (Doc. 20 at Exhibit D, at 156.)

[4] The Court notes that when the defense objected to Dr. Ben- Porath's expanded testimony, the trial court offered the defense a continuance providing an opportunity for it to re-interview Dr. Ben-Porath, and to consult again with defense experts. The defense refused the opportunity. Furthermore, despite the refusal of the continuance, the defense was nevertheless able to thoroughly impeach Dr. Ben-Porath's testimony during cross-examination after having twice interviewed him, thus curing any alleged prejudice. *See United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir.1996).

1  that it would call into question his ability to stand trial.  This Court agrees with Magistrate
2  Judge Aspey's finding that there is nothing in the record creating a "bona fide doubt"
3  regarding Petitioner's competency to stand trial and Petitioner has failed to provide any
4  evidence rebutting the trial court's finding.[5]  *See Drope v. Missouri*, 420 U.S. 162, 180
5  (1975); *Pate v. Robinson*, 383 U.S. 375, 385 (1966). In Petitioner's sixth objection, he argues
6  that Magistrate Judge Aspey erred in concluding that the state court's rejection of Petitioner's
7  Confrontation Clause claim regarding statements his wife made to police was not contrary
8  to, or an unreasonable application of, federal law.  Although there is what seems to be a
9  typographical error in the Report and Recommendation (Doc. 53, p. 47), upon review, this
10 Court nevertheless finds that the evidentiary statements at issue were not offered for the truth
11 of the matter asserted, and thus did not constitute hearsay.  Accordingly, they did not violate
12 the Confrontation Clause. Finally, as to Petitioner's seventh objection, Petitioner reasserts
13 his claim that his due process rights and right to a fair trial were violated when the trial judge
14 permitted an expert to testify regarding his reliance on Petitioner's admission that he had a
15 1983 conviction for attempted robbery in assessing Petitioner's mental health.  The Court
16 finds that the trial court properly admitted the 1983 attempted robbery evidence, as it was
17 relevant to rebut the Petitioner's insanity defense.  Moreover, because Petitioner admitted
18 doing the acts that constituted the underlying basis for the crimes for which he was charged
19 in the present trial, evidence of the 1983 conviction had minimal prejudicial effect because
20 the jury did not have any reason to rely on it to conclude that Petitioner may have acted in
21 conformity therewith in committing the present crimes.

---

[5] All parties, including Petitioner, stipulated that the trial court could determine Petitioner's competency based upon the reports of Dr. Potts and Dr. Michael Colfield. Both the state and defense experts found Petitioner competent to stand trial. During post-conviction relief proceedings, Petitioner failed to satisfy his burden of supporting his claim of incompetence with relevant in-time medical records or affidavits. *See* Ariz. R. Crim. P. 32.5.

Based on the foregoing and the record as a whole, Petitioner's objections lack merit in all seven instances and Magistrate Judge Aspey did not err in his Report and Recommendation.

The Court will now address the claims that Petitioner did not formally object to-despite his recent untimely notice to the Court of his desire to file such objections. First, Petitioner argues that he was denied the ability to assist and confer with defense counsel because he was required to wear a stun belt during trial. Petitioner contends that wearing the belt inhibited his ability to confer with his defense attorney. To be entitled to habeas relief on this claim the Court must conclude that the jury saw or was aware of the restraint and that the restraint was not justified by state interests. *See Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir. 2002). For unjustified restraint to rise to the level of a constitutional trial error, Petitioner must establish that he suffered prejudice as a result of the restraint. *See id.; Williams v. Woodford*, 384 F.3d 567, 592-93 (9th Cir. 2004); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). There is no evidence in the record of complaints, comments, or objections on the part of Petitioner regarding the stun belt. Moreover, defense counsel has conceded that the jury was never aware of any such device.

In his next claim, Petitioner contends his due process rights were violated by the introduction of autopsy photographs of Mr. Sodhi. The prosecutor introduced the photographs as evidence to demonstrate the entrance wounds of the bullets to illustrate that Petitioner intended to kill the victim, thus relevant to establish premeditation. The admissibility of evidence is generally a matter of state law, which is not cognizable in a federal habeas proceeding. *See, e.g., Estelle*, 502 U.S. at 67–68; *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). Without more, the failure to comply with state rules of evidence is not a sufficient basis for granting federal habeas relief. To rise to the level of a constitutional violation, the introduced evidence must be of such quality that necessarily prevents a fair trial. *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991),

- 5 -

*Kealohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986). As such, a due process violation occurs only if there was *no permissible inference* that the jury could draw from the evidence. *Id.* at 920. (Emphasis added.) Here, although Petitioner asserts the photographs were admitted solely to "inflame" the jury, the prosecutor has established that there is a permissible inference the jury could draw from the photographs.

Next, Petitioner alleges prosecutorial misconduct. To be entitled to relief, Petitioner must demonstrate that the prosecutor's comments "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), *quoting Kotteakos v. United* States, 328 U.S. 750, 776. (!946) The Supreme Court has concluded that habeas relief for this type of claim is not appropriate unless the prosecutor manipulated or misstated the evidence or implicated other specific rights of the defendant, such as his right to counsel or his right to remain silent. *See Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986).[6] Based on the record, Petitioner is unable to establish that the statements made by the prosecutor so infected the trial with unfairness as to make the resulting conviction a violation of due process. *See Williams v. Borg*, 139 F.3d 737, 745 (9th Cir. 1998); *Thompson v. Borg*, 74 F.3d 1571, 1576-77 (9th Cir. 1996).

Petitioner further claims that he was denied a fair trial as a result of Dr. Jack Potts' testimony. He claims that Dr. Potts perjured himself by testifying that Petitioner told him he had been to one of the gas stations the day or week previous to September 15, 2001. As has been previously established, under the law, said testimony alone is not sufficient to render Petitioner's trial fundamentally unfair under the law. *See Estelle*, 502 U.S. at 67-68.

---

[6] The Arizona Supreme Court found that of all of the allegations of prosecutorial misconduct, only one warranted discussion-the State's failure to disclose the scope of Dr. Ben-Porath's testimony. On that point, the State Supreme Court concluded that "***the defense did not make a good faith effort to resolve that discovery dispute. As a result, we cannot now assess the prejudice the defendant may ultimately have suffered. The cumulative effect of the incidents of misconduct in this case thus does not warrant reversal."

Next, Petitioner argues that his trial and appellate counsel were unconstitutionally ineffective. This Court finds that based on Arizona State court's objective and reasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), its Rule 32 decision that Petitioner was not denied his right to the effective assistance of counsel was not clearly contrary to, nor an unreasonable application of, federal law. Thus, Petitioner is not entitled to federal habeas relief from his claim.

Petitioner also contends that there was insufficient evidence presented at trial to support his convictions for drive-by shooting and a finding of premeditation on the charge of attempted first-degree murder. To determine whether sufficient evidence was introduced at trial to support a habeas petitioner's conviction, the Court must decide if, "viewing the evidence in the light most favorable to the *prosecution*, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *McMillan v. Gomez*, 19 F.3d 465, 468-469 (9th Cir. 1994). (Emphasis added). A federal habeas court faced with a record of historical facts that supports conflicting inferences must presume that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Jackson*, 443 U.S. at 326. In the instant matter, despite the fact that there were no eyewitnesses that testified that they actually saw Petitioner shooting a weapon, the Court finds that the record is replete with evidence supporting a finding that a reasonable jury could find Petitioner guilty of attempted first-degree murder and the drive-by shootings.[7]

---

[7] For example, eyewitnesses did testify that they saw Petitioner alone in his truck setting down a weapon immediately after the shots were fired apparently from his truck into the subject residence in Mesa and at the Mobil station. Significantly, ballistics experts testified that tests had determined that the shots fired at each of the three relevant locations, including the five shots fired at Mr. Sodhi, were fired from weapons found in Petitioner's home. Petitioner told each psychiatrist or psychologist who examined him that he had committed the crimes. The Court finds that any rational trier of fact could have found these facts critical in determining the essential elements of the crime.

1        Finally, Petitioner asserts that his Sixth Amendment right to a jury trial was violated
2 because a judge, rather than a jury, found aggravating factors used to enhance his non-capital
3 sentences under state sentencing statutes. This Court agrees with Magistrate Judge Aspey's
4 analysis of Arizona's sentencing scheme and its application to the case *sub judice*. The
5 Arizona courts have interpreted *Blakely v. Washington* to allow for the imposition of an
6 aggravated sentence based partially on facts found by a judge if at least one aggravating
7 factor is found by a jury or admitted by the defendant. *See Arizona v. Martinez*, 210 Ariz.
8 578 (2005) (citing *Blakely v. Washington*, 542 U.S. 296 (2004)); *Arizona v. Henderson*, 210
9 Ariz. 561 (2005). In the present matter, the jury found that in the commission of the murder
10 of Mr. Sodhi, Petitioner knowingly caused a grave risk of death to Mr. Ledesma. In Arizona,
11 a defendant may receive an aggravated sentence based on a single aggravating factor, *see*
12 Arizona Revised Statutes Annotated § 13-702(B). Thus, this and other federal courts
13 conclude that if a single *Blakely*-compliant or *Blakely*-exempt aggravating factor establishes
14 the facts that are "legally essential," a defendant's constitutional right to a jury trial is not
15 violated if other factors are found by a judge in the context of sentencing the defendant. *See,*
16 *e.g., Stokes v. Schriro*, 465 F.3d 397, 402-03 (9th Cir. 2006). Consequently, Petitioner was
17 not denied his Sixth Amendment rights to a jury trial merely because the judge found some
18 aggravating factors used to enhance his non-capital sentences under state sentencing statutes.
19        Accordingly,
20        IT IS HEREBY ORDERED that Magistrate Judge Aspey's Report and
21 Recommendation (**Doc. 53**) is **ACCEPTED** and **ADOPTED** by the Court.
22        IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas
23 Corpus is **DISMISSED** and **DENIED** with prejudice. (Docs. 14.)
24        IT IS FURTHER ORDERED **DENYING** a Certificate of Appealability and
25 **DENYING** leave to proceed *in forma pauperis* on appeal because Petitioner has not made
26 a substantial showing of the denial of a constitutional right.

1  IT IS FURTHER ORDERED DENYING Petitioner's Motion to Appoint Counsel.
2  (Doc. 57.)[8]
3  IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.
4  DATED this 20th day of October, 2010.

Paul G. Rosenblatt
United States District Judge

---

[8] The Court notes that Petitioner's Motion (Doc. 57) was entitled "Emergency Supplemental Notice of Objection to the Magistrate Report and Combination Motion to Appoint Counsel and Stay Proceedings." The Court has reviewed the record *de novo* and assessed the merits of each of the claims, including those for which Petitioner did not file and objection. The Court finds that based upon the totality of the record, Magistrate Judge Aspey did not err in his conclusions.