**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank S. Roque, | ) | No. 08-CV-2154-PHX-PGR (MEA) |
|           Petitioner, | ) | |
| v. | ) | **ORDER** |
| Charles L. Ryan, et. al., | ) | |
|           Respondents. | ) | |

Currently before the Court is Petitioner's Motion for Reconsideration and to Alter or Amend Judgment. (Doc. 65.) On October 20, 2010, this Court entered an order accepting and adopting Magistrate Judge Aspey's Report and Recommendation ("R&R"). The R&R recommended that this Court deny and dismiss Petitioner's Amended Petition for Writ of Habeas Corpus. (Doc. 59.) On November 3, 2010, Petitioner filed the pending motion. The respondents did not file a response thereto.

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment. See Fed. R, Civ. P. 60(b)(1)-(b)(6). A Rule 60 motion for reconsideration should not be granted unless: (1) there has been an intervening change of controlling law; (2) newly discovered evidence has come to light; or (3) it's necessary to

correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). "Motions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

In this case, the Petitioner did not present newly discovered evidence nor did he demonstrate that there was a clear error in the Court's prior decision.[1] In addition, the Petitioner does not assert that there has been an intervening change in the controlling law. Consequently, because the Plaintiff has not established that the Court erred in its judgment, that new evidence has come to light, or that there has been an intervening change in the law, see ACandS, 5 F.3d at 1262, reconsideration pursuant to Rule 60(b) and 59(e) is inappropriate.

Accordingly,

IT IS HEREBY ORDERED DENYING Petitioner's Motion for Reconsideration and to Alter or Amend Judgment. (Doc. 65.)

DATED this 29th day of November, 2010.

_____
Paul G. Rosenblatt
United States District Judge

---

[1] In his motion, Petitioner restates his previous arguments and asserts that this Court "overlooked" or "misunderstood" his objections. The Court disagrees. Furthermore, it concludes that this assertion is inadequate to grant a Motion for Reconsideration and to Alter or Amend Judgment.